IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TALIB MUJAHID**                                                                                       **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:22-cv-00205-TBM-RPM**

**JULIA ROBERTS, Associate Warden**                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* for consideration of dismissal. *Pro se* Plaintiff Talib Mujahid is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. [1], p. 2. He filed this Complaint under 42 U.S.C. § 1983, naming Associate Warden Julia Roberts as Defendant. [1], pp. 2-3. Mujahid is proceeding *in forma pauperis*. [6]. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## I.   BACKGROUND

Mujahid is currently serving an eight-year sentence after a 2019 conviction for the sale of methamphetamine. *See* Mississippi Department of Corrections, Inmate Details, Talib Mujahid, https://www.ms.gov/mdoc/inmate/Search/GetDetails/06862 (last accessed Nov. 10, 2022).[1] For several months, Mujahid has requested a transfer to other facilities for various reasons. *See* [1-4], pp. 1-3. On March 18, 2022, he requested a transfer to Marion County Correctional Facility ("MCCF") in Columbia, Mississippi, based on his positive disciplinary record and medical

---

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

1

disability. [1-4], p. 1. He also sought this transfer to be "closer to the house" so his family may travel a shorter distance for visits. [1-4], p. 1. Three months later, he requested a transfer to either Walnut Grove Correctional Facility in Walnut Grove, Mississippi, or Central Mississippi Correctional Facility in Pearl, Mississippi. [1-4], p. 3.

His requests for a transfer have been denied. [1-3], pp. 1-3. On May 4, 2022, Defendant Roberts advised Mujahid in writing that he was not eligible for his requested transfers because of "a prior violent conviction" and certain medical reasons. [1-3], p. 1. On June 2, 2022, another MDOC official advised Mujahid in writing that he "need[s] to contact medical regarding [his] health issues" that prohibit him "from being placed at a community work center." [1-3], p. 2.

Mujahid now claims that Defendant Roberts violated his Eighth and Fourteenth Amendment rights by denying his request for a transfer. [1], p. 3. He says that she was deliberately indifferent to his request and that her lack of action amounts to cruel and unusual punishment. [1], p. 3. Mujahid insists that he is eligible for a transfer because only five years remain on his term of incarceration. [1], p. 3-4, 7. He bases this theory on MDOC's standard operating procedures, which advise that non-violent offenders "within twenty (20) years of [their] earliest release date may be considered" for placement in a community work center.[2] [1-2], p. 1. For relief, Mujahid asks to be transferred to MCCF or a community work center.[3] [1], p. 5.

---

[2] "Community work centers are an alternative facility for inmates to finish serving their sentences. At a community work center, inmates routinely perform work for cities, counties, state agencies and charitable organizations . . . and are a valuable source of free labor. Examples of work performed include janitorial work, mechanic work and beautification of roadsides." Community Work Centers, Mississippi Department of Corrections, https://www.mdoc.ms.gov/Community-Corrections/Pages/Community-Work-Centers.aspx (last accessed Nov. 10, 2022).

[3] The Court analyzes Mujahid's Complaint [1] under § 1983 and not as a request for habeas-corpus relief. Section 1983 is "the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement." *Johnson v. King*, No. 2:12-cv-00183-KS-MTP, 2013 WL 1729247, at *1 (S.D. Miss. Apr. 22, 2013). At no point does Mujahid seek "a speedier or immediate release from incarceration," which would place his Complaint [1] within the realm of habeas corpus. *See id*.

On November 7, 2022, Mujahid asked to amend his Complaint to belabor his allegations. He wants to add Dr. Charmaine McCleave as a Defendant because she has also refused to release him to a private facility, regional facility, or community work center. [10], p. 1. Mujahid reiterated that he has no disciplinary infractions and no serious medical history that should prevent him from being relocated. [10], p. 1. In fact, Mujahid avers that he has refused treatment for chronic obstructive pulmonary disease so he can be released to a preferred facility and "get closer to home." [10], p. 2. He believes that Dr. McCleave's refusal to acquiesce shows her "bias toward [him]." [10], p. 2.

## II.  DISCUSSION

### A.  Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). "A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva v. Stickney*, No. 3:03-cv-2279-D, 2005 WL 2445433, at *3 (N.D. Tex. Sept. 30, 2005).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his 'best case,'" *Brewster v.*

3

*Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action *sua sponte*. Because the Court has permitted Mujahid to proceed *in forma pauperis* [6], this case is subject to the PLRA's case-screening procedure and the provisions allowing for *sua sponte* dismissal.

### B. Mujahid's Claims Under § 1983

Having conducted the required screening, the Court finds that Mujahid's Complaint [1] must be dismissed because it is both legally frivolous and fails to state a claim upon which relief may be granted. *See Johnson*, 2013 WL 1729247, at *2 (dismissing a plaintiff's request for "a transfer back to SMCI" as "legally frivolous and for failure to state a claim").

To state a claim under § 1983, Mujahid "must allege facts showing that a person, acting under color of state law, deprived [him] of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *See Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). "A prisoner has no constitutionally protected interest in a particular facility or a specific work assignment." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *see also Johnson*, 2013 WL 1729247, at *2 ("An inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another."). "Nor does an inmate have a constitutional right to receive a certain custodial classification while incarcerated." *Johnson*, 2013 WL 1729247, at *2. "[C]ourts have uniformly held that prison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status." *Jones v. United States*, 534 F.2d 53, 54 (5th Cir. 1976).

Thus, Mujahid's sole complaint—that Defendant Roberts and prospective Defendant Dr.

McCleave violated his constitutional rights by denying his requests for a transfer—is not a cognizable claim under § 1983. The Court declines to interfere with the broad discretion that prison administrators enjoy in this context. *See Brooks v. Walker*, No. 5:18-cv-00061-DCB-MTP, 2019 WL 4315020, at *2 (S.D. Miss. May 10, 2019) ("It would be an unreasonable interference with prison administration to rule that Plaintiff must be housed at a facility of his choosing . . ."), *report and recommendation adopted by* 2019 WL 4308540 (S.D. Miss. Sept. 11, 2019). Mujahid's Complaint [1] must be dismissed as frivolous and for failure to state a claim upon which relief may be granted. *E.g.*, *Foxx v. Miss.*, No. 1:17-cv-00061-LG-RHW, 2019 WL 2998570, at *4 (S.D. Miss. June 5, 2019), *report and recommendation adopted by* 2019 WL 2995925 (S.D. Miss. July 9, 2019) (dismissing a similar case for "fail[ure] to state a constitutional claim" under § 1915(e)(2)(B)(ii)); *Sanders v. Denmark*, No. 2:09-cv-00125-KS-MTP, 2008 WL 4330338, at *2 (S.D. Miss. Sept. 17, 2008) (dismissing a similar case "as frivolous" under § 1915(e)(2)(B)(i)).

### III.   CONCLUSION

Having considered the entire record and applicable law, the Court dismisses this civil action as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Mujahid is advised that, if he receives three strikes, "he may not proceed [*in forma pauperis*] in any civil action or appeal filed while he is incarcerated or detained

in any facility unless he is under imminent danger of serious physical injury." *Adongo v. Tex.*, 124 F. App'x 230, 232 (5th Cir. 2005) (citing 28 U.S.C. § 1915(g)). A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**THIS, the 10th day of November, 2022.**

                                                    **TAYLOR B. McNEEL**
                                                    **UNITED STATES DISTRICT JUDGE**